AUGUST BUESING, EMPLOYEE, RESPONDENT, v. MOON MOTOR CAR COM-
PANY, EMPLOYER, AND EMPLOYERS' LIABILITY ASSURANCE CORPO-
RATION, INSURER, APPELLANTS.—54 S. W. (2d) 734.

St. Louis Court of Appeals.   Opinion filed December 6, 1932.

*Allen Moser & Marsalek* for appellants.

*Abbott, Fauntleroy, Cullen & Edwards* for respondent.

374

BECKER J.—This is an appeal by the employer and insurer from a judgment of the circuit court affirming a final award made by the Workmen's Compensation Commission.

The employee, on May 4, 1928, suffered a sprain of his left ankle by accident arising out of and in the course of his employment. In due course plaintiff's claim was filed and a hearing had before the commission on December 20, 1928, the sole question in controversy relating to the nature and extent of the disability suffered by the

employee as a result of the accident. The claim was partially heard, but, due to the absence of one of the physicians who had examined plaintiff for the insurer, the hearing was continued until May 10, 1929, at which time the hearing was concluded. On June 24, 1929, the commissioner, before whom the case was tried, made an award in favor of the employee.

The hearing disclosed that the employee was suffering from an arthritic condition of his left foot, which the employee testified began several weeks after he sprained the ankle of his said left foot, and medical testimony having been adduced that the arthritic condition was due to some local infection, the employee was sent to a throat specialist, who removed his tonsils, and to a dentist, who extracted seven of his teeth and treated the remaining teeth for pyorrhea. At a hearing on review before a member of the commission, on October 11, 1929, claimant testified that the removal of his tonsils and the treatment of his teeth had not improved his condition, and that it was no better than it had been in May, 1929. The commissioner awarded claimant compensation for "temporary total disability from May 4, 1928, through December 31, 1929, at the rate of $14.40 per week, and thereafter, so long as such disability continues, with the right in the employer and insurer to apply for a modification thereof upon termination of such disability." This award was subject to the credit of $438.18 previously paid the employee.

In the latter part of November the insurer wrote to the commission notifying it, that it refused to make further payment to the employee, and requested that the case be set down for hearing in order that the temporary award be made permanent.

On December 9, 1929, the full commission, in accordance with the insurer's request, without hearing any further testimony, made a final award in the case, which contains the following findings of fact:

"That the employee suffered an accident arising out of and in the course of his employment resulting in temporary total disability from May 3, 1928, date of accident, to October 11, 1929, date of hearing on review, and that he is still temporarily totally disabled.

"*That it is impossible at this time to determine the exact nature and extent of the employee's disability,* but that the insurer is asking that a final award be made."

From the "rulings of law" we quote the following:

"This award of 400 weeks is made in accordance with section 15, Workmen's Compensation Act, Laws of 1927, with the right in the employer and insurer to ask for a modification thereof by virtue of section 42, Workmen's Compensation Act, Laws of Missouri, 1927."

In due time the employer and insurer filed their notice of appeal to the circuit court, where the award of the commission was affirmed, and in due course an appeal was taken to this court.

The first point urged for our consideration is that the evidence is

insufficient to sustain the findings and award based thereon, that the claimant suffered eighty-three weeks temporary total disability to the date of the final award.

We have in mind that on appeal, in the absence of fraud, the findings of fact made by the commission within its powers are conclusive and binding, and that such findings of fact and award of the commission have the force and effect of the verdict of a jury. [Leilich v. Chevrolet Motor Co., 328 Mo. 112, 40 S. W. (2d) 601; Jones v. Century Coal Co. (Mo. App.), 46 S. W. (2d) 196; Rolens v. Const. Co. (Mo. App.), 24 S. W. (2d) 1077; Kinder v. Hannibal Car Wheel & Foundry Co. (Mo. App.), 18 S. W. (2d) 91.]

Furthermore, in determining whether or not an award made by the commission is justified by the evidence on appeal, we consider only the evidence most favorable in support of such award, together with all reasonable inferences which may be drawn therefrom, and will disregard any unfavorable testimony where it is contradicted by the evidence supporting the conclusion of the commission. [Leilich v. Chevrolet Motor Co., supra; Jones v. Century Coal Co., supra; Schulte v. Grand Union Tea & Coffee Co. (Mo. App.), 43 S. W. (2d) 832.]

Claimant testified that he had always been in good health; that on May 3, 1928, he slipped upon the floor and sprained his ankle; that he was under the care of a physician furnished by the insurer from that date until June 26th; that during that time Dr. Coffee had told him to go back to work, that he did work for three days but his ankle hurt him so much that he had to give it up. A week later he went back to work and worked for four days but could not stand it, and again had to quit. At the hearing of the case on December 20, 1928, he testified that he was not working at that time and had worked but the seven days in June mentioned above.

Dr. Klinefelter, a bone specialist, examined the claimant for the insurer. At the hearing of the case in May, 1929, Dr. Klinefelter testified that the claimant, with his left foot in the condition it was at that date, was unable to work. Dr. Klinefelter was of the opinion that the arthritic condition which he found in both of plaintiff's feet could make it possible that the employee had a latent infection in both feet prior to his accident but that the injury received as the result of the spraining of the ankle could have caused the latent infection to have broken down the barriers which nature builds around infections, and might have stirred up a fresh condition. According to his testimony on July 30, 1928, the date he examined plaintiff, his left foot, the one in which the injury had occurred, had a loss of ninety per cent efficiency, and that the employee was very much disabled. At the hearing in May, 1929, Dr. Klinefelter further testified: ''I don't think he can work with that left foot as it is today.''

There is, thus, testimony in the record which if believed would

support a finding that plaintiff's arthritic condition, if in fact any such condition existed prior to his accident, was dormant and had in nowise effected his physical condition, at least so far as the employee had any realization of such fact, and that it was the spraining of his ankle which activated the arthritic condition, aggravating it, and aided in bringing about a condition that incapacitated the employee from engaging in any sort of work.

In this connection we call attention to the fact that Dr. Klinefelter testified that if the employee's symptoms "are going to continue permanent as they were at the time I saw him, then I would say he is very much disabled." Dr. Klinefelter, at the hearing, after he had examined 'both of employee's feet, stated: "I would say that as long as the infectious process that is causing this is going on, his foot will get worse." And he gave it as his opinion that the employee could not work with his left foot in the condition that it was at that time.

It will be remembered that after this hearing the claimant's tonsils were removed, and some of his teeth extracted and the remaining ones treated, yet thereafter, on October 11, 1929, at the hearing, claimant testified that his condition was the same as it had been at the last hearing in May, and he was asked: "You have not gotten any worse or any better? A. Not better—worse if anything. I admit that; it hasn't gotten any better."

In this state of the record we feel that there is substantial testimony to support a finding that the claimant was temporarily totally disabled up to October 11, 1929, the date of the hearing on review by the commission.

The appellants next urge that the evidence is insufficient to sustain the award of compensation for temporary total disability for 400 weeks, and that the findings of fact made by the commission does not support said award. This point is well taken.

'Our examination of the record discloses that there is substantial testimony to support the findings of fact by the commission "that it is impossible at this time to determine the exact nature and extent of the employee's disability. . . ."

It is self-evident that an award of compensation for 400 weeks, as for temporary total disability, is not supported by a finding and statement that the duration of the future disability is unknown and cannot be determined.

Nor can we view the error in awarding compensation for 400 weeks as harmless, even though the award states that the employer and insurer shall have the right to ask for a modification thereof under section 42 of the Act. This right inures to the benefit of the employer and insurer under the terms of the Act itself, and the provisions in the award with reference thereto neither adds to nor detracts from the validity or effect of the award. Nor can the award

of 400 weeks of compensation be viewed as harmless to the appellants because they have the right to ask for a modification thereof, by virtue of section 42 of the Act, for in such a proceeding the propriety of the original award cannot be brought into issue. Modification as contemplated by section 42 of the Act can relate only to the future. In other words, appellants here are complaining of error in the award for compensation to the claimant at all events beyond November 10, 1928, and contend also that there is an absence of evidence that all of the employee's partial disability after November 10th is attributable to the accident, and that the evidence on this subject at most shows but twenty to thirty per cent of the impairment of claimant's left foot was caused by the injury. The right to a review of the record upon these questions will be lost to appellant if the award of compensation for 400 weeks is permitted to stand, an award upon evidence which, the commission found, made it impossible at the time to determine the exact nature and extent of the employee's disability.

Finding no substantial competent evidence in the record to support the award of the commission for 400 weeks for temporary total disability, it follows that the judgment of the circuit court, affirming the award of the commission, should be reversed and the cause remanded with directions to enter a judgment reversing the award and remanding the cause to said commission. *Haid, P. J.*, and *Daues, J.*, concur.